IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL JORDAN MONS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2208-N-BD |
| | § | |
| MARIA CRUZ, Warden, | § | |
| FCI Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Samuel Jordan Mons, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice.

I.

On August 26, 2011, petitioner filed this action challenging the revocation of his supervised release for failing to report to his probation officer and failing to participate in a drug treatment program. Although petitioner filed an application to proceed *in forma pauperis*, the application is not signed by petitioner. Nor did petitioner provide the court with a certified statement of his prison trust account as required by 28 U.S.C. § 1915(a)(2).[1] The court notified petitioner of these

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

deficiencies on August 31, 2011. Written interrogatories were also sent to petitioner in order to obtain additional information about the factual basis of his claims. Petitioner was ordered to either pay the statutory filing fee or submit a signed application to proceed *in forma pauperis* with an inmate trust account statement and answer the interrogatories within 20 days, or his complaint would be dismissed. *See* Order, 8/31/11. No action was taken by petitioner. On September 27, 2011, the court gave petitioner another 20 days to correct these deficiencies and answer the interrogatories. Nine days later, on October 6, 2011, the unopened envelope containing that order was returned to the clerk with the notation, "Not Deliverable As Addressed. Return to Sender."[2] The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a deficiency notice and written interrogatories to petitioner at FCI Seagoville -- the only address provided by him. However, petitioner is no longer incarcerated at that facility and

---

[2] The court has learned that petitioner was released from custody on September 6, 2011.

has not provided the court with his current address.[3] Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Nash v. Dallas County Jail*, No. 3-06-CV-2404-B, 2007 WL 1393767 at *1 (N.D. Tex. May 10, 2007) (dismissing *pro se* complaint for failure to provide court with current address); *Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (same).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[3] The form habeas petition filed by petitioner advises:

> It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

(*See* Hab. Pet. at 2, ¶ 7).

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE